It is understood that this was the last opinion ever delivered by Judge WRIGHT.

———•◆•———

## SUPREME COURT.

JOHN GREGG and EDMUND SAGE, respondents, agt. NELSON BIRDSALL, appellant.

Where a grantor in executing a deed of land, excepts and reserves "all the pine and hemlock timber suitable for sawing, and all necessary facilities for removing the same with the right of flowing the lands now covered by the mill pond, while necessary for manufacturing the timber on the adjacent lands," he cannot be deprived of his property or reserved rights by an allegation that a *reasonable time* for removal and manufacture *has already elapsed*, and therefore his rights are extinguished.

If any *time* could be fixed by the act of the adverse party—the owner of the premises, or by a judicial tribunal within which the power of removal and manufacture

was to be exercised (which is doubtful. as the exception is absolute and unlimited), it should be in the *future*, by a *notice* given to the grantor to exercise his power of removal within some time to be named, so as to enable him to obtain the benefit of his reservation.

*Albany General Term, September,* 1866.

MILLER, INGALLS *and* HOGEBOOM, *Justices.*

THIS is an appeal by the defendant from a judgment in an equity action in favor of the plaintiffs, against the defendant, seeking to restrain the defendant from the further exercise of certain exceptions and reservations contained in a deed from the defendant to one Heminover, under whom the plaintiffs claim, for a construction of those exceptions and reservations, and for a decree declaring them cancelled and extinguished.

The complaint sets forth that the defendant in 1856 conveyed to one Heminover a tract of land excepting and reserving *"all the pine and hemlock suitable for sawing, and all necessary facilities for removing the same, with the right of flowing the lands now covered by the mill pond, while necessary for manufacturing the timber on the adjacent lands."*

The plaintiffs (Gregg and Sage) are the grantees of Heminover, and they set forth, that *prior to the commencement of this action, the defendant (Birdsall) has cut and removed from said premises, all the pine and hemlock timber thereon, reserved by him in his said deed, that was suitable for sawing at the time of making such reservation.*

They further allege that he has cut timber not suitable for sawing, and claims the growth of the timber, and claims to overflow the premises covered by the mill pond, until the pine and hemlock are manufactured. Also, that the term *" adjacent lands"* means only those lands conveyed by Heminover; and that previous to the commencement of the suit, they forbid his cutting any more timber on the premises. They aver that he has no further rights there, to cut timber or to overflow, and ask for a judgment prohibiting him from cutting any more and from overflowing on the premises and

to have the reservation cancelled. No damages are claimed and the action is, therefore, for the *specific relief* demanded.

The defendant denies all the equities of the complaint, also the plaintiffs' title and most of the other allegations, except the execution of a conveyance to Heminover, which is admitted; and claims specifically that there was at the commencement of the suit and is a large quantity of hemlock and pine timber on the premises, which was reserved in the deed. He also avers that the term "adjacent lands," used in the deed, was understood by the parties and meant those lands owned by him the grantor, and conveyed to Heminover, but alleges that the term "adjacent lands" was used in its ordinary sense.

The plaintiffs, therefore, claim the interposition of the equity powers of the court.

1. To have the alleged cloud upon the title removed.

2. To have defendant restrained from cutting and removing any further timber from the premises.

3. To have the defendant restrained from overflowing the lands in question, in the process of manufacturing the timber cut and removed from this and adjacent lands.

4. To have a construction of the words of reservation.

The referee to whom the case was referred for hearing and decision, among other things, decides that the exceptions and reservations in question, were made—that the defendant has been in the full employment of the premises and reservations, and might, with proper and reasonable effort and industry, have availed himself of all the benefits and advantages secured, or intended to be secured by the reservations. He further finds, that there is still a large number of pine and hemlock trees standing on the premises sufficient to make from 40,000 to 50,000 feet of lumber, which was suitable for sawing at the time of the conveyance from defendant to Heminover; and that he had also cut and removed a large quantity of pine and hemlock timber not suitable for sawing at the time of such conveyance; and he adjudged, among

other things, that all the exceptions and· reservations should be removed, cancelled and terminated, except the right to cut and remove such pine and hemlock timber still remaining on the premises, as was suitable for sawing at the time the deed was executed, and directs a perpetual injunction against over-flowing any part of the premises by the waters of the mill pond, and the removal of the water from said lands; and that the plaintiffs recover of the defendant their costs.

The defendant duly excepted, and judgment having been perfected, appealed to this court

W. J. GROS, *for plaintiffs, respondents.*
A. J. PARKER, *for defendant, appellant.*

*By the court,* HOGEBOOM, J.   By the judgment pronoun-ced in this case, taken in connection with the referee's report, · it appears that at the commencement of the action there was still upon the premises in question, a large number of pine and hemlock trees suitable for sawing at the time of the con-veyance to Heminover, and which, under the exception and reservation in the conveyance to him, belonged to the defend-ant.   By the terms of this exception and reservation, " all the pine and hemlock timber suitable for sawing, and all necessary facilities for removing the same, with the right of flowing the lands now (then) covered by the mill pond, while necessarry for · manufacturing the timber on the adjacent lands," were excepted and reserved to the defendant.   This exception and reservation was absolute in terms, and umlim-ited as to the period when the act of removal and manufac-ture should be exercised.   I do not see why the property in the excepted timber would not forever remain in the defend-ant, and those who derived title through him, and if any *time* could be fixed ·by the act of the adverse party, or of a judi-cial tribunal, within which· the power of removal and manu-facture was to be exercised (which I think doubtful), it should be in the *future.*   Notice should be given to the de-

Gregg agt. Birdsall.

fendant to exercise his power of removal within some time to be named, so as to enable him to obtain the benefit of his reservation—and he should not be deprived of his property or reserved rights by an allegation that a reasonable time for removal and manufacture had already elapsed, and, therefore, his rights were extinguished—and this without notice, that the plaintiffs wished him to remove his property from their premises. The only notice they gave him was one in effect, that his rights were already terminated, and that he must remove no more timber. The referee has decided that while there is still timber on the land, which the defendant owns, and has a right to remove, he has no right to manufacture it by overflowing the lands covered by the adjacent mill pond forever so short a time after such removal. The right to manufacture (and overflow for such purpose) is co-extensive with the right to remove, and it seems to me clear that so long as the defendant has timber, which he may remove, he has also the right to overflow the lands in question, for such reasonable time as may be necessary for such manufacture, after such removal. This right the referee has cut off by declaring it cancelled and terminated, and forbidding its further exercise; and I think improperly. This right is not, in my opinion, extinguished by delay in its exercise. The parties have not seen fit to impose any limitation of time in the conveyance in regard to the exercise or enjoyment of these privileges; and if any limitation can now be interposed, I think it cannot in equity, be done without allowing a reasonable time in the future for their exercise.

As this is decisive of the case, and necessarily leads to a reversal of the judgment, it is superflous to consider any of the other questions in the case.

The judgment must be reversed and a new trial granted, with costs to abide the event.