(163 App. Div. 774)'

PEOPLE v. RAQUETTE FALLS LAND CO.    (No. 191–28.)

(Supreme Court, Appellate Division, Third Department.    September 9, 1914.)

COMPROMISE AND SETTLEMENT (§ 17\*)—SETTING ASIDE—CONDITIONS—SALE OF
STANDING TIMBER—EXTENSION OF TIME FOR REMOVAL.

In a suit by the people to recover possession of land, the parties made
an agreement of settlement by which the complaint was to be dismissed
and the lands conveyed by defendant to the state, reserving to defendant
the timber thereon with a right to cut and remove it within ten years.
Nearly nine years thereafter the state moved to vacate the settlement and
the subsequent proceedings for collusion and fraud, and defendant there-
upon moved for an order providing that the time during which such mo-
tion was pending, and until the time for appeal should have expired,
should not be a part of the ten years for removing the timber.  Held,
that while, though no injunction was granted, it would seem unjust that
defendant should be obliged to forfeit the timber or assume the hazard of
removing it after notice of the state's intention to question its right to
do so, and while it may be that a stipulation extending the time might
well be made a condition of granting the state's motion, the court could
not make the order asked for, since, while it may compel parties to ex-
ecute their agreements, it cannot substitute a new agreement for one vol-
untarily made without fraud or mistake.

[Ed. Note.—For other cases, see Compromise and Settlement, Cent. Dig.
§§ 66–74; Dec. Dig. § 17.\*]

Appeal from Special Term, Essex County.

Civil action by the People against the Raquette Falls Land Com-
pany.  From an order denying a motion by defendant, it appeals.  Af-
firmed.

Argued before SMITH, P. J., and KELLOGG, LYON, HOWARD.
and WOODWARD, JJ.

Edward M. Angell, of Glens Falls, for appellant.

Thomas Carmody, Atty. Gen. (John T. Norton, of Troy, of coun-
sel), for the People.

LYON, J.  This action was brought in January, 1905, to recover
possession, and damages for the wrongful withholding, of three parcels
of land, of which the state claimed to be the owner, one of which was
lot No. 37, township 12, Old Military tract, containing 1,121 acres.
The answer pleaded ownership and possession in the defendant.  The
following month the parties executed an agreement of settlement of the
action, by which the defendant was to be permitted to take judgment
dismissing the complaint and adjudging the defendant to be the owner
of the lands described in the complaint, and the defendant was to deed
to the state the lands in question, together with 1,280 acres of other
lands; the defendant reserving to itself the softwood timber down to
eight inches in diameter, with the right to enter upon the lands and
cut and remove the timber at any time within 10 years from the date
of the agreement.  In accordance with the agreement, the complaint
was dismissed, and a conveyance of the lands was made by the ap-
pellant to the state; the deed containing such reservation of the soft-
wood timber.  Such timber has now been practically removed from all

the lands excepting lot 37, from which no timber has been taken. The 10 years' limitation, as stated in the deed, will expire February 23, 1915.

In January, 1914, the state made a motion to vacate and set aside the agreement of settlement of the action, and all proceedings subsequent to the service of the answer, upon the ground that such settlement was collusive and fraudulent, and entered into for the purpose of divesting the state of its timber on lot 37. Thereupon the appellant made this motion, in which the order appealed from was granted, asking for an order providing that the time during which the proceeding instituted by plaintiff's said motion shall be pending, to wit, from January 8, 1914, to and until a final order shall be entered and the time for appeal shall have expired, shall not be any part of the 10 years limited by the said deed within which the grantees of the defendant may cut and remove from said lot the timber so reserved.

The appellant claims that equity requires its motion be granted, for the reason that, the respondent having waited nearly nine years after the time of making the agreement and of the entry of the judgment before making the motion, insufficient time of the 10 years' period will remain after the ultimate determination of the motion within which to cut and remove the timber, which the appellant values at from $25,000 to $50,000, and hence that, even should the appellant be successful in the end, it and its grantees will be deprived of the right to take the timber as completely as though the decision of the motion had been adverse to the appellant. The respondent, however, claims that its action in moving to vacate the settlement and the judgment founded thereon has in no way restrained or affected the right of the appellant to cut and remove the timber; and that, if at the time of the settlement the appellant had the right to cut and remove the timber, it still has that right.

It is true that the proceeding taken by the respondent has not enjoined the appellant from cutting the timber, but it has served as a notice by the respondent of its intention to question the right of the appellant to cut and remove the timber, which, in the event of the final defeat of the appellant, would subject it and its grantees to the penalty of $10 for each tree cut and also to criminal prosecution. The naked possibility of such prosecution is hardly less effective than would be the granting of·an injunction restraining the appellant from cutting and removing the timber or the prevention of the act by physical force, in either of which cases the appellant, if successful, might obtain redress for the loss suffered by him. The appellant or its grantees, although convinced to a practical certainty of their right to cut and remove the timber, might well hesitate, in view of the penalties attached to the act if held to be unlawful, to assume the hazard attending such cutting and removal. Had the respondent made its application reasonably promptly after the making of the agreement of settlement, it is probable that sufficient of the 10 years' period would have remained after the final determination of the action within which the appellant might cut and remove the timber, and it hardly seems just that, should it finally be determined that the appellant and its grantees have the right to cut and remove the timber, they should be deprived of it by

reason of the delays of the respondent, practically as effectually as though the final determination had been against the appellant. However, the appellant seeks by this application to obtain an order modifying the express terms of the agreement of settlement, entered into voluntarily by the parties, and the deed executed in pursuance thereof; no claim of fraud or mistake being made. The effect of such an order, if valid, would be to extend the grant to such timber as the appellant should take off during the additional term. Decker v. Hunt, 111 App. Div. 821, 826, 98 N. Y. Supp. 174. While the court may compel parties to execute their agreement, it has no authority to make agreements for the parties or to substitute one agreement for another. Story's Eq. Juris. vol. 2, § 113; Leavitt v. Palmer, 3 N. Y. 19, 51 Am. Dec. 333; Pitcher v. Hennessey, 48 N. Y. 416; Wemple v. Hauenstein, 19 App. Div. 552, 46 N. Y. Supp. 288; Pomeroy's Eq. Juris. vol. 2, § 830.

We think the decision of the Special Term, denying appellant's motion, was correct, and should be affirmed. Should the court as a condition of granting the respondent's motion, which is apparently still pending, see fit to require that the respondent stipulate that the time between making the motion and the final determination of the action shall be considered no part of the 10 years' period of limitation, a very different question would be presented.

Order affirmed, with costs, but without prejudice to the appellant making further application for such order or relief as it may be advised. All concur.