EARL HAYES, Respondent, *v.* EDGAR GREGORY, Appellant.

Third Department, November 13, 1918.

**Contract — agreement to convey land reserving right to cut and remove timber construed — reasonable time — evidence.**

In an action for an injunction and damages it appeared that in the year 1908 the defendant, being the owner of premises consisting of 257 acres, two-thirds of which was timber land, made a contract to convey the same for $550 to be paid in annual installments of $50 or more at the option of the vendee, the deed to be delivered when payments were completed. He excepted and reserved " all the soft wood timber poplar and basswood and evergreen, enter on property to get timber at any time and place." In the year 1912, after the defendant had removed a portion of the timber reserved, the contract was assigned to the plaintiff, and in that year, after the plaintiff took possession, defendant removed about thirty-five cords. Thereafter very little, if any, timber was removed until June, 1917, when the defendant with the knowledge of the plaintiff entered on the premises and cut fifty-four cords. The plaintiff never objected to the removal of the timber by the defendant. The chief value of the premises was in the timber and plaintiff had not completed the payments under his contract.

*Held*, under all the circumstances, that a reasonable time had not expired for the removal of the timber and that the defendant is not liable for any timber heretofore cut by him under his contract and should now be given sufficient time to remove such as he reserved to himself thereunder.

Since the reservation in the contract only related to trees which in 1908 were fairly known as " soft wood timber, poplar and basswood and evergreen," the purchaser was entitled to the benefit of the growth of shrubs and immature trees which could not then be classified as timber, and may recover for all such trees cut by the defendant.

H. T. KELLOGG, J., dissented, with opinion.

APPEAL by the defendant, Edgar Gregory, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of Warren on the 22d day of May, 1918, upon a decision of the court after a trial before the court without a jury.

*James S. Kiley*, for the appellant.

*Frank Hurley* [*Walter A. Chambers* of counsel], for the respondent.

COCHRANE, J.:

The judgment under review restrains the defendant from cutting timber on premises now owned by the plaintiff and awards the plaintiff damages for timber previously cut.

In the year 1908 the defendant, at that time the owner of the premises in question, made a contract to convey the same, which contract contained this provision: "Excepting and reserving all the soft wood timber poplar and basswood and evergreen, enter on property to get timber at any time and place." This contract in the year 1912 was assigned to plaintiff. The contract price was $550, to be paid in annual installments of $50 or more at the option of the vendee. The deed was to be delivered when payments were completed. The vendor also received real estate from the vendee worth $250.

The defendant removed a portion of the timber reserved prior to the year 1912. In that year after the plaintiff took possession the defendant removed about thirty-five cords. Thereafter very little if any timber was removed until June, 1917, when the defendant entered on the premises and cut fifty-four cords, for which damages have been awarded against him herein, and he has been enjoined from further cutting.

It is not contended by the defendant on this appeal that the contract reserved to him the right for all time to remove timber then standing on the premises, but his contention is that he was entitled to a reasonable time within which to effect such removal and that under the circumstances such reasonable time had not elapsed. (See *Decker* v. *Hunt*, 111 App. Div. 821.)

The question of what constitutes a reasonable time must be determined with reference to the circumstances. Here the premises consisted of 257 acres, two-thirds of which was timber land. From the amount of the purchase price to be paid the defendant, taking into consideration the reservation to himself of the growing timber, it may readily be inferred that the chief value was in such timber. In fact the plaintiff testifies that the premises in June, 1917, were worth $2,500. The grantee had eleven years in which to make the small payment of $550 and had not completed payment up to the year 1917 when the acts complained of were committed. During all this time the legal title remained in the defend-

ant. It may perhaps not be deemed unreasonable that while holding the legal title to the premises, he should not be precluded from removing the timber therefrom. The fact that the chief value of the premises was in the growing timber indicates that the defendant had a greater interest in the premises than had the plaintiff or his assignor. It is true that the defendant has manifested quite unusual indifference about removing the timber since the year 1912. But neither has the plaintiff manifested any desire or anxiety to have him proceed with such removal. The question is not whether the defendant could have removed the timber before 1917, but whether under the circumstances he should have done so. The plaintiff was fully aware of the rights of the defendant not only from the provisions of the contract but also because he knew of the removal of the timber in 1912 after he took possession. He was aware of the acts of the defendant in cutting the timber in June, 1917, while such cutting was being accomplished and made no objection thereto, and it is certainly inequitable under such circumstances to permit a recovery for the timber so cut. He now asks a court of equity to compensate him for that which has received his tacit acquiescence. If the plaintiff desired to limit the time of the defendant to remove the timber he might have given him notice to that effect but no notice was ever given and as stated no objection was even made at the time of the removal concerning which complaint is now made. In *Gregg* v. *Birdsall* (53 Barb. 402), a case similar to this, it was held that " notice should be given to the defendant to exercise his power of removal within some time to be named, so as to enable him to obtain the benefit of his reservation; and he should not be deprived of his property or reserved rights by an allegation that a reasonable time for removal and manufacture had already elapsed, and therefore his rights were extinguished, and this without notice that the plaintiffs wished him to remove his property from their premises." We do not hold that notice is an essential prerequisite to an action of this nature, but notice or the want thereof is a circumstance to be considered in determining the question of reasonable time. Each party was fully cognizant of the rights of the other and the rights of each were to be exercised with due regard to

the rights of the other. The defendant may well have relied on the assent of the plaintiff to his continued right of removal under the circumstances, especially as the plaintiff had not complied with the terms of his contract so as to entitle himself to a deed, and good faith on the part of the plaintiff required that if he wished to limit or terminate such right of removal he should apprise the defendant of his wish in that particular. In the light of all the circumstances we think it should not be held that a reasonable time had expired for the removal of the timber, and that the defendant is not liable for any timber heretofore cut by him under his contract and should now be given sufficient time to remove such as he reserved to himself thereunder.

The reservation in the contract only related to trees which in 1908 were fairly known as " soft wood timber, poplar and basswood and evergreen." The purchaser was entitled to the benefit of the growth of shrubs and immature trees which could not then be classified as timber. It seems probable that some of the trees cut are not included in the reservation, but belonged to the vendee. For such trees the plaintiff may recover, but it is impossible to determine from the present record how much the recovery should be.

The judgment should be reversed on the law and facts and a new trial granted, with costs to the appellant to abide the event. The court disapproves the finding that a reasonable time had elapsed in which the defendant could have removed the timber.

All concurred, except H. T. KELLOGG, J., dissenting with an opinion.

H. T. KELLOGG, J. (dissenting):

Nine years after executing a contract for the sale of real estate the vendor thereof sought to cut the soft wood timber thereon, under the following reservation: " Excepting and reserving all the soft wood timber poplar and basswood and evergreen, enter on property to get timber at any time and place." This was not a reservation of a right over the land sold to enter from time to time and take profits from another. It was rather an exception of timber then *in esse,* so that

title thereto never passed. Now, a substantial growth in trees reserved would create new timber as surely as would newly planted trees. It was, therefore, necessary that the vendor should cut and remove within a period only sufficiently long to be reasonably convenient for such work; otherwise he would obtain that which he did not have at the time of the sale, and consequently that which he did not reserve. Such a period was far less than nine years.

I, therefore, favor an affirmance.

Judgment reversed on law and facts and new trial granted, with costs to the appellant to abide the event. The court disapproves of the finding that a reasonable time had elapsed in which the defendant could have removed the timber.