IDA HAWKINS et al., Plaintiffs, *v.* ARTHUR DUVALL et al., Defendants.

(Supreme Court, Steuben Equity Term, July, 1919.)

Damages — growing timber reserved in deed — reasonable time as to removal — timber covered by reservation must be standing at the time reservation is made — deeds — Code Civ. Pro. §§ 1667, 1668.

Where by deed a grantor reserves certain timber with the right to take it off at "any time" the timber must be removed within a reasonable time or said right is lost.

A father conveyed lands to one of his sons, reserving to himself all timber upon a certain tract with the right to take it off at any time. The land upon which the timber stood was practically valueless for any purpose except to mature the timber, the growth of which, owing to the character of the land, would be naturally slow. About nine years thereafter the grantor died without having exercised such right, and aside from a few small specific legacies devised and bequeathed all of his estate to another of his sons and the timber remained intact for several years and until the devisee under the will began to cut and remove such of the timber as he desired. In an action brought by the widow and children of his brother, under sections 1667 and 1668 of the Code of Civil Procedure, to recover damages, *held,* that having in mind the character of the soil, the slowness of the tree growth and the size of those cut for timber, there was no doubt that they were all standing and reserved to the grantor by the deed to his son, and the reserved rights were not terminated by an unreasonable delay in cutting the timber.

The grantee or his heirs having made no claim until after the trees had been destroyed, it would be inequitable to mulct the defendants for thrice the value of the trees cut or simply for the loss occasioned by their removal.

Had the devisee under the will confined his operations to the timber growing on the land at the time the deed was given he would have been within his rights, but the burden was upon him to see that he took only that which was his, but where concededly he stripped part of the land of all growing brush and

trees, for such as was not growing thereon at the time of the deed he must indemnify the plaintiffs.

Firewood cut by various persons under his authority, in so far as it did not consist of tops and branches of timber trees belonging to him, was not his and for the damage so caused plaintiffs are entitled to recover as provided by sections of the Code of Civil Procedure pursuant to which the action was brought.

ACTION for cutting, etc., trees and damages therefor.

James O. Sebring, for plaintiffs.

Herbert A. Heminway, for defendants.

SAWYER, J.   In a deed dated September 26, 1899, conveying certain lands to his son Fred, Albert Duvall reserved '' all timber east of the highway running from Hornby   *   *   *   with the right to take it off at any time.''

Albert Duvall died March 8, 1908, without exercising his right to remove any of the timber in question, and upon his death, by will, after a few small specific legacies, gave all his property both real and personal to the defendant Arthur Duvall.   That whatever right was retained under such reservation passed by the will seems evident; it was not personal to the grantor named in the deed but was a property right expressly not conveyed thereby.

After Mr. Duvall's death the timber remained intact until the winter of 1912 or 1914 (there is come contradiction as to which) when about 9,000 feet were removed, and thereafter considerable amounts were taken out nearly every winter until that of 1918 when the remainder was cut and, at the commencement of this action, a large part thereof gotten out and sold. It is claimed that such removal of the timber by Arthur Duvall and his agent was without authority, and plain-

tiffs, who are the wife and children of Fred Duvall now deceased, seek to recover damages therefor under the provisions of sections 1667 and 1668 of the Code of Civil Procedure.

Undoubtedly where the right to remove timber is limited as to time the right expires with the time (*Boisaubin* v. *Reed,* 41 N. Y. [2 Keyes] 323; *People* v. *Raquette Falls Land Co.,* 163 App. Div. 774), and where no time limit is fixed the timber must be removed within a reasonable time, failing in which the right is lost. *Decker* v. *Hunt,* 111 App. Div. 821; *Hayes* v. *Gregory,* 184 id. 802.

The earlier holding seems to have been that an absolute reservation unlimited as to period could be exercised at any time unless a limit was fixed by notice given by the owner of the land (*Gregg* v. *Birdsall,* 53 *Barb.* 402), but this doctrine was not followed in the case of *Decker* v. *Hunt, supra,* and many adjudications in other jurisdictions called to my attention are in harmony with the later conclusion.

Plaintiffs admit these general rules, but seek to distinguish the case at bar therefrom because of the words " at any time " used by the parties to this deed in framing the reservation.

Well-understood rules of construction require that the phrase used, if susceptible of two interpretations, be given that according with settled law, and it must therefore be deemed not to vest ownership and right of removal in the vendor forever, but only as intended to enable him to exercise his right *whenever convenient to him* within what is, under all the circumstances, a reasonable time.

A similar reservation, in which the words *at any time and place* were used, has quite recently been before the court and disposed of under the doctrine of reasonable time, it not being contended by counsel,

however, that the words there used changed the general rule. *Hayes* v. *Gregory, supra.* In that case nine years were deemed not unreasonable, and to my mind the delay here relied upon to terminate the reserved rights was not under the circumstances unreasonable.

Frederick Duvall received full value for his purchase money in land other than that upon which the reserved timber stood. This latter, consisting of about twenty acres, was practically valueless for any purpose except to mature the trees then there growing. Its soil and physical characteristics not only rendered it useless for agricultural purposes but gave only slow growth to the timber. None of the parties were engaged in lumbering and it cannot fairly be said that immediate removal was within their contemplation. The timber was improving gradually as to size and in the meantime both vendor and vendee resided near each other and a part of the time in the same house, until their respective deaths, and so far as appears without dispute as to their interests. After their deaths matters continued in the same way until, as above stated, in 1912 or 1914 when defendant Arthur Duvall began to cut and take away such of the timber as he desired, and continued to do so almost yearly thereafter. No objection was made nor notice of any kind served, and not until all the timber had been felled did he learn that plaintiffs disputed his right — one which by examination of his deed and advice of counsel he had believed impregnable.

Having in mind the character of the soil, the slowness of the tree growth thereon and the size of those cut for timber, I have no doubt that they were all standing and reserved to the grantor by the deed of 1899. No claim therefor was made by the grantee or his heirs until after their destruction, and to now mulct defendants for thrice their value, or for that matter,

simply for the loss occasioned by their removal, would be inequitable.

If Mr. Duvall had confined his attention to the timber thus growing on the land at the time the deed was given he would in my opinion have been within his rights, but the burden was upon him to see that he took only that which was his. Concededly he stripped part of the land of all growing brush and trees and for such as was not growing thereon at the time of the deed he must indemnify plaintiffs. The firewood cut under his authority by various persons, in so far as it did not consist of tops and branches of timber trees belonging to him, clearly was not his and for the damage so caused to plaintiffs they are entitled to recover as provided by the Code sections mentioned.

Just how much of this small wood was unjustifiably taken off is not clearly shown, and unless the parties agree as to the amounts and consequent damage further proofs concerning same may be taken.

That the cutting of such smaller trees and brush was not casual and involuntary is admitted, and notwithstanding Mr. Duvall's assertions as to his belief that same were his, there was no probable cause for such belief. He may have misunderstood the advice he had received upon the subject, but a misunderstanding is not a probable cause. Careful regard for the children of his dead brother should have led him to, while obtaining that which was his, see to it that they were not robbed of that which was theirs.

The action is dismissed, with costs as to the defendant Strader, and judgment in accordance herewith directed, with costs against the defendant Duvall.

Judgment accordingly.